## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

NATHANIEL BYRON WINTON and )
TERESA ANN WINTON, )
                             )
           Petitioners, )
                             )
v.                             )       Case No. CIV-25-00452-JD
                             )
MARILYN BETCHAN and )
TIMOTHY BETCHAN, )
                             )
           Respondents. )

## <u>ORDER</u>

Before the Court is Petitioners' Motion for Reconsideration Pursuant to Fed. R.

Civ. P. 59(e) and 60(b), and Request for De Novo Review under 28 U.S.C. § 2072(b)

("Motion") [Doc. No. 6].[1] Petitioners seek relief from the Court's Order remanding the

action to the District Court of Grant County, Oklahoma, for lack of subject-matter

jurisdiction. [Doc. No. 5].[2] Petitioners cite Federal Rules of Civil Procedure 59(e) and

60(b).

Under Rule 59(e), a motion to alter or amend a judgment "must be filed no later

than 28 days" after the entry of judgment. Fed. R. Civ. P. 59(e). This deadline is

mandatory, and the Court has no authority to extend it. *See Banister v. Davis*, 590 U.S.

---

[1] Although Petitioners note in their case caption and in their conclusion that "hearing is asked," the Court determines that a hearing is not necessary to rule on this Motion. *See* LCvR78.1 ("Oral arguments or hearings on motions or objections will not be conducted unless ordered by the court.").

[2] As a threshold issue, the Court finds that 28 U.S.C. § 1447(d) does not strip this Court of jurisdiction to review its prior remand order under Rule 60(b) given the special carveout for removals based on § 1443.

504, 507–08 (2020) (citing Fed. R. Civ. P. 6(b)(2), which prohibits extensions to Rule 59(e)'s deadline). The Court entered its Order on May 14, 2025. [Doc. No. 5]. Petitioners filed their Motion on June 13, 2025, thirty days later, which is two days beyond the 28-day deadline.[3] Accordingly, because the Motion was not timely filed under Rule 59(e), relief under that rule is procedurally barred.[4]

Nor is reconsideration warranted under Rule 60(b), which provides "extraordinary" relief only in "extraordinary" or "exceptional" circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016); *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011). In fact, since the filing of Petitioners' Motion, the Court notes that the Oklahoma Court of Civil Appeals, Division IV, on July 3, 2025, reversed the District Court of Grant County's order granting summary judgment to Timothy and Marilyn Betchan against

---

[3] *See Parker v. Bd. of Pub. Utils. of Kan. City, Kan.*, 77 F.3d 1289, 1291 (10th Cir. 1996) (holding that "the three-day mail provision of Rule 6(e) is not applicable to a motion pursuant to Rule 59(e) and does not extend the [] time period under that rule").

[4] The grounds for granting relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Relief under Rule 59(e) "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* It is not an appropriate use of such motion "'to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of Paraclete*, 204 F.3d at 1012). Even if the Court considered Petitioners' Motion under Rule 59(e), the Court concludes that relief would still be improper as Petitioners still do not allege that the state has denied them any rights based on their race, nor have they shown that the state has been unwilling or unable to resolve their claim. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (establishing a two-prong test for removal petitions under 28 U.S.C. § 1443(1)); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997).

2

Petitioners on the Betchans' claims of breach of contract and quiet title and remanded the matter for further proceedings. *See Timothy Betchan, et al. v. Nathaniel Winton, et al.*, Oklahoma Supreme Court Case No. SD-122,885, Order dated July 3, 2025, and Mandate dated July 31, 2025.[5] Petitioners' initial basis for removal was that the underlying state action had "evolved into a procedurally defective summary judgment that deprived Petitioners of their federally protected property rights in their homestead . . . ." [Doc. No. 1 at 2]. Now that the summary judgment order has been overturned, Petitioners do not show how the state is unwilling or unable to resolve their claim. *See Johnson*, 421 U.S. at 219; *Haws*, 131 F.3d at 1209.

Moreover, Petitioners' reference to the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo* to support federal question jurisdiction appears misplaced. 603 U.S. 369 (2024). In *Loper Bright*, the Supreme Court held that federal courts may not defer to federal agencies' interpretations of ambiguous federal statutes, overturning *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Loper Bright* has no applicability to a state-law mortgage-foreclosure/breach of contract action involving state law remedies and private parties and not federal administrative rules.

In summary, the allegations and arguments of record are insufficient to support removal under § 1443(1), § 1331, or any other asserted basis. The Court finds nothing in

---

[5] The Court takes judicial notice of the public filings on the Oklahoma State Courts Network regarding Oklahoma Supreme Court Case No. SD-122,885, available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=SD-122885&cmid=139479 (last accessed Oct. 25, 2025).

the Motion meeting the standards under Rule 60.

Accordingly, the Court DENIES the Motion [Doc. No. 6].

IT IS SO ORDERED this 27th day of October 2025.


JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE